damages sustained by plaintiff by reason of the loss of his wife's services, due to the libel published upon her. Id. Upon appeal from so much of the judgment as overruled the demurrer to the second cause of action, it was affirmed, this court holding that a husband might maintain such an action. 150 App. Div. 689, 135 N. Y. Supp. 721.

As to a precisely similar complaint, therefore, this court has held that, when resolved into its proper elements, it sets up two alleged causes of action, one of which, for the libel on the husband, is not valid; the other, for the loss of the wife's services, due to the publication of the libel upon her, is valid. Hence this complaint, as yet unseparated, does not set up two causes of action, but only one cause of action, viz., for the loss of the wife's services, with which are mingled allegations as to a libel upon the husband, which are surplusage, and may be ordered stricken out on motion, but furnish no ground for a demurrer.

The judgment appealed from will therefore be affirmed, with costs to respondent, with leave to the defendant to withdraw the demurrer and to answer, on payment of costs in this court and in the court below. All concur.

---

### ANDERSON v. THOMPSON–STARRETT CO.

(Supreme Court, Appellate Division, First Department. December 13, 1912.)

NEGLIGENCE (§ 66*)—CONTRIBUTORY NEGLIGENCE.

> Where a person employed in setting doors on an elevator shaft failed to notify any one having authority over the elevator operatives of his intention to do so, or to make any arrangement for his protection while so engaged, and there was nothing to show that the elevator operatives knew he would be required to work or put any part of his body inside the shaft, he was guilty of contributory negligence, precluding a recovery from the operatives' employer for injuries caused by his hand being caught between the elevator and the door sill.

> [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 86–89; Dec. Dig. § 66.*]

> McLaughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Louis Anderson against the Thompson-Starrett Company. From an order granting a new trial on defendant's motion, after a verdict for plaintiff, plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

William M. Kilcullen, of New York City, for appellant.
James J. Mahoney, of New York City, for respondent.

DOWLING, J. Plaintiff on July 25, 1910, was employed by J. F. Blanchard & Co. as a carpenter on a building in course of erection at 535 Park avenue, New York City, for which his employers were subcontractors; the defendant being the main contractor. At about 9:40 a. m. of that day he was engaged in setting the jamb of an elevator door on the thirteenth floor of the building, in a kneeling posi-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion, with his right hand inside the elevator shaft, hammering nails to attach the jamb to the framework of the door; the nails being held in his left hand. While so engaged, the elevator descended and caught his right hand (still inside the shaft) between the floor of the elevator and the door sill, a space of about an inch and a half,. causing the injuries for which he seeks compensation in this action.

Plaintiff testified that he had set half a dozen doors like the one in question on different floors of the building, with the elevators running all the time. He admitted that the place he was working at was a dangerous one, that he knew he had to be very careful there, that the elevator went up and down several times while he was at work on the morning in question, and that he knew the car was above when he put his hand inside the shaft. The cable was visible when the car was below the floor where he was at work, but was not in sight when the car was above it. The record is devoid of any proof that any of the elevator operatives employed by the defendant knew, or had reasonable ground to believe, that workmen would be required in the course of their duties to project any part of their bodies into the elevator shaft. There is no proof that the operator in charge of the particular elevator which caused the accident saw plaintiff or any other workman at work in or near the shaft. Plaintiff testified that, when the elevator descended for the last time before the injuries were caused, he turned around to take some tools, and by the time he had picked them up the elevator had ascended. There was nothing, therefore, from any position in which the plaintiff was seen by the operator, which would have suggested to the latter that the former would do any part of his work within the shaft.

The case comes clearly within the rule laid down in Lynch v. Elektron Mfg. Co., 195 N. Y. 171, 88 N. E. 48, that workmen about to perform duties within an elevator shaft should notify some one in authority of their intention so to do, and should make an arrangement for their protection while so engaged, failure to do which is negligence upon the part of the workmen. No such notice was given in the case at bar, nor was any such arrangement made.

It follows that the order appealed from, setting aside the judgment in favor of plaintiff for $1,000, and directing a new trial of the action, was proper, and should be affirmed, with costs to respondent.

INGRAHAM, P. J., and CLARKE and SCOTT, JJ., concur. McLAUGHLIN, J., dissents.